**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| THOMAS PARISI, DANIEL AKINS, BILL DOYLE, AND VINCENT TEREZA, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>AMERICAN AIRLINES, INC., THE EMPLOYEE BENEFITS COMMITTEE and JOHN/JANE DOES 1-5,<br><br>   Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:25-cv-00309-O |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
<u>THE FIRST AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................. 1

II.  ARGUMENT....................................................................................................... 2

    A.  American's Motion to Dismiss Is Procedurally Proper Under Rule 12................. 2

    B.  The Court Should Dismiss the FAC Because Plaintiffs Seek Relief
    Unavailable Under 29 U.S.C § 1132(a)(3) .......................................................... 3

        1.  An Injunction Requiring the Plans to Pay Greater Benefits Than
        Called for Under the Plans' Terms Is Unavailable Under
        § 1132(a)(3) ................................................................................................ 4

        2.  Surcharge Is Unavailable Under § 1132(a)(3)........................................... 7

    C.  The Court Should Resolve These Issues Now Rather Than Later........................ 9

III.  CONCLUSION.................................................................................................. 10

TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aramark Servs., Inc. Grp. Health Plan v. Aetna Life Ins. Co.*,
162 F.4th 532 (5th Cir. 2025) ..............................................................................8

*Caballero v. FCI Lender Servs., Inc.*,
2023 WL 2088437 (N.D. Tex. Jan. 26, 2023) ........................................................5

*Cent. States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*,
756 F.3d 356 (5th Cir. 2014) ..............................................................................4

*Cigna Corp. v. Amara*,
563 U.S. 421 (2011).............................................................................. *passim*

*Des Roches v. Cal. Physicians' Serv.*,
320 F.R.D. 486 (N.D. Cal. 2017).........................................................................6

*Doe v. Columbia-Brazoria Indep. Sch. Dist.*,
855 F.3d 681 (5th Cir. 2017) ......................................................................1, 2, 3

*Great-W. Life & Annuity Ins. Co. v. Knudson*,
534 U.S. 204 (2002)...................................................................................5, 8, 10

*Laurent v. PricewaterhouseCoopers LLP*,
945 F.3d 739 (2d Cir. 2019).........................................................................2, 4, 5, 7

*Liberty Bankers Life. Ins. Co. v. Lenhard III*,
2019 WL 459646 (N.D. Tex. Feb. 6, 2019)...........................................................2

*MCR Oil Tools, LLC v. DMG Mori USA, Inc.*,
2020 WL 13133311 (N.D. Tex. Sept. 15, 2020).....................................................4

*Meidl v. Aetna, Inc.,*
2017 WL 1831916 (D. Conn. May 4, 2017)........................................................5, 6

*Mertens v. Hewitt Assoc.*,
508 U.S. 248 (1993)...................................................................................8, 9, 10

*Moitoso v. FMR LLC*,
451 F. Supp. 3d 189 (D. Mass. 2020) ...................................................................8

*N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*,
798 F.3d 125 (2d Cir. 2015)...............................................................................8

*Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*,
512 F.3d 137 (5th Cir. 2007) ......................................................................1, 2, 3

## TABLE OF AUTHORITIES

**Page(s)**

*Pedersen v. Kinder Morgan, Inc.*,
    622 F. Supp. 3d 520 (S.D. Tex. 2022) ...................................................................10

*Rose v. PSA Airlines, Inc.*,
    80 F.4th 488 (4th Cir. 2023) ...................................................................................8

*Samilton v. F2F Transport, LLC*,
    2026 WL 1146291 (N.D. Tex. Apr. 28, 2026) .........................................................2

*Silva v. Metro. Life Ins. Co.*,
    762 F.3d 711 (8th Cir. 2014) ...................................................................................8

*Singletary v. United Parcel Serv., Inc.*,
    828 F.3d 342 (5th Cir. 2016) ...............................................................................9, 10

*Sullivan-Mestecky v. Verizon Commc'ns Inc.*,
    961 F.3d 91 (2d Cir. 2020).......................................................................................8

*Torres v. American Airlines*,
    2020 WL 3485580 (N.D. Tex. May 22, 2020) ......................................................6, 7

**STATUTES**

Employee Retirement Income Security Act ("ERISA")........................................ *passim*

## I.      INTRODUCTION

As American showed in its opening brief (Dkt. 82, "Mot."), the Court should dismiss the FAC because 29 U.S.C. § 1132(a)(3) does not authorize the only relief Plaintiffs seek. Their Opposition (Dkt. 84, "Opp.") offers two main arguments in response.

**First**, Plaintiffs argue Rule 12(g)(2) bars American's motion because it raises defenses that were previously available. Opp. at 4-7. That is wrong. The Fifth Circuit has made clear that Rule 12(g)(2) does not apply to motion-to-dismiss arguments based on a failure to state a claim. *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007); *Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 686 (5th Cir. 2017). Regardless, there are three new Plaintiffs in the FAC for whom American did not file any prior motion to dismiss. And the FAC itself is different. Whereas the initial Complaint included two distinct claims under ERISA—one for breach of fiduciary duty, the other for equitable relief—the Court dismissed the fiduciary-breach claim, and the FAC does not reassert it. The absence of a fiduciary breach claim—especially when coupled with Plaintiff Parisi's admission that he *does not seek reformation* of the Plans, *infra* at 3 n.2—gives rise to arguments that were not previously available.

**Second**, Plaintiffs concede they are not seeking reformation, but nevertheless argue they can recover increased benefits and other monetary relief beyond what the Plans' existing terms provide through an "injunction" or "surcharge." Again, Plaintiffs are wrong. As to an injunction, Plaintiffs cannot disguise monetary compensation for an alleged statutory violation—quintessentially *legal* relief—as an equitable injunction-to-pay. *See Cigna Corp. v. Amara*, 563 U.S. 421, 439 (2011) (confirming § 1132(a)(3) authorizes remedies that, "traditionally speaking," were "*typically* available in equity") (emphasis in original). Absent reformation, the injunction could only require the Plans to pay the benefits to which Plaintiffs already are entitled under the Plans' terms, which is a claim under § 1132(a)(1)(B). *Id.* at 440 (ordering enforcement of plan

terms as reformed as a claim under § 1132(a)(1)(B)); *Laurent v. PricewaterhouseCoopers LLP*, 945 F.3d 739, 749 (2d Cir. 2019). But Plaintiffs do not seek reformation under § 1132(a)(3) or any relief under § 1132(a)(1)(B). Nor are Plaintiffs entitled to surcharge, which is available (if at all) only to remedy a breach of fiduciary duty. But Plaintiffs do not assert a fiduciary-breach claim, nor do they challenge fiduciary conduct. The FAC should be dismissed.

## II.    ARGUMENT

### A.    American's Motion to Dismiss Is Procedurally Proper Under Rule 12.

Plaintiffs argue that Rule 12(g)(2) prohibits American from filing a motion to dismiss the FAC raising 12(b)(6) arguments it could have asserted before. Opp. at 4-7. First, this is contrary to Fifth Circuit law. *Belo Corp.*, 512 F.3d at 141; *Doe*, 855 F.3d at 686. In *Belo Corp.*, the Fifth Circuit rejected the same argument Plaintiffs make here, finding "Rule 12(g) did not require consolidation [of the dismissal arguments] here because Rule 12(h)(2) explicitly excepts from the consolidation requirement motions based on the defense of failure to state a claim upon which relief can be granted." 512 F.3d at 141. The Fifth Circuit reaffirmed the same principle in *Doe*, 855 F.3d at 686 ("[W]e said simply [in *Belo Corp.*] that Rule 12(h)(2) allows the filing of a second motion. We apply that same right to this case.").[1] That alone forecloses Plaintiffs' argument.

Regardless, the FAC adds three new Plaintiffs for whom American filed no prior motion to dismiss, and its current motion raises arguments based on the changed circumstances in the

---

[1] *See also Samilton v. F2F Transport, LLC*, 2026 WL 1146291, *6 (N.D. Tex. Apr. 28, 2026) ("Plaintiff asserts that Defendants waived their Rule 12(b)(6) argument because they failed to raise it in one of their prior motions to dismiss…. [T]his argument is without merit.") (citing *Belo Corp.*); *Liberty Bankers Life. Ins. Co. v. Lenhard III*, 2019 WL 459646, *1, n.1 (N.D. Tex. Feb. 6, 2019) ("As a preliminary matter, the Court rejects Plaintiffs' argument that Lenhard is precluded from moving under Rule 12(b)(6) per the consolidation requirement in Federal Rule of Civil Procedure 12(g)(2). The Fifth Circuit has held that Federal Rule of Civil Procedure 12(h)(2) explicitly excludes motions based on the defense of failure to state a claim upon which relief can be granted from the consolidation requirement.") (citation and quotation omitted).

FAC. The original Complaint alleged two claims: (1) for statutory violations and (2) for breach of fiduciary duty. The Court dismissed the latter because "implementing clear and mandatory Plan terms for the calculation of benefits does not involve the exercise of discretionary authority or control, as is required to be acting as a fiduciary under ERISA." Dkt. 66, Order at 15. Despite that the FAC dropped the fiduciary-breach claim, Plaintiffs continue to seek the same relief. However, surcharge is no longer an available remedy, because it is a remedy only for a breach of fiduciary duty. And § 1132(a)(3) does not permit extra-contractual monetary relief from the Plan absent reformation of the formula governing Plaintiffs' benefits. But Plaintiffs do not seek reformation. *See* Mot. at 8.[2] Accordingly, the Court should reject Plaintiffs' argument that American's motion is procedurally improper. *Belo Corp.*, 512 F.3d at 141; *Doe*, 855 F.3d at 686.[3]

### B.    The Court Should Dismiss the FAC Because Plaintiffs Seek Relief Unavailable Under 29 U.S.C. § 1132(a)(3).

As American explained (Mot. at 7-13), Plaintiffs are not entitled to the only relief they seek under § 1132(a)(3), because it is not "appropriate equitable relief" traditionally available in equity.

Plaintiffs seek the payment of money beyond what is promised in the Plans. The Supreme Court made clear, however, that to obtain this sort of relief as an equitable remedy, Plaintiffs must first reform the Plans under § 1132(a)(3) as "a preparatory step" that establishes the terms of the plan. *Amara*, 563 U.S. at 441 (citation omitted). Plaintiffs then must seek to *enforce* those reformed

---

[2] Since American filed its initial motion, Plaintiff Parisi confirmed in discovery that he "does not seek reformation of the Plans." Reply App. at 2-3. This admission thus provided new information confirming that the generalized request for "equitable relief" in the FAC does not include reformation. American recognizes this is a Rule 12(b)(6) motion, but Plaintiff's admission that he does not seek reformation is directly relevant to Plaintiffs' arguments that American waived or forfeited its right to assert the arguments in its motion, and can and should be considered.

[3] Of course, American could raise the same issues in a Rule 12(c) motion for judgment on the pleadings, which is another reason to reject Plaintiffs' argument. *Doe*, 855 F.3d at 686 (rejecting same argument, noting the defendant "could have presented that same argument in a Rule 12(c) motion for judgment on the pleadings, which Rule 12(h) does not prohibit").

terms under § 1132(a)(1)(B). *Id.*; *see also Laurent*, 945 F.3d at 749. Plaintiffs do not purport to pursue either step. The FAC does not seek reformation of the Plans (and Plaintiffs have since disclaimed any intent to do so). And they assert no § 1132(a)(1)(B) claim at all.

Plaintiffs' Opposition does not meaningfully contend with *Amara* or explain why they are exempt from the ERISA framework it articulated. Nevertheless, Plaintiffs identify two remedies that they contend are appropriate: (1) an injunction requiring the calculation and payment of benefits beyond those provided under the Plans' terms, and (2) surcharge. Opp. at 13-18. Neither is available under § 1132(a)(3) in the circumstances here.[4]

### 1.    An Injunction Requiring the Plans to Pay Greater Benefits Than Called for Under the Plans' Terms Is Unavailable Under § 1132(a)(3).

Plaintiffs argue the Court may order the "recalculation, correction, and payment of benefits that are owed under ERISA[.]" Opp. at 10. To start, a plaintiff cannot simply relabel an order to pay money as an "injunction" and thus deem it "equitable" in nature, which is all Plaintiffs do here. *See, e.g.*, *Cent. States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d 356, 361 (5th Cir. 2014) ("Simply framing a claim as equitable relief is insufficient to escape a determination that the relief sought is legal."). Regardless, Plaintiffs' so-called "injunction" is just "reformation" by another name. That is, Plaintiffs ask the Court to order that the actuarial assumptions in the Plans be *changed* to produce higher benefits and then for the Court to order that their benefits be paid pursuant to these new terms. Plaintiffs may be entitled to

---

[4] Although the Opposition identifies other forms of relief sought in the FAC, Opp. at 1, 3-4, 10, Plaintiffs offer no response to American's arguments demonstrating that such relief is unavailable under § 1132(a)(3). *See* Mot. at 13 (accounting), 14-16 (disgorgement), 16 (constructive trust and equitable lien). By failing to respond, Plaintiffs have waived any arguments on these points. *See MCR Oil Tools, LLC v. DMG Mori USA, Inc.*, 2020 WL 13133311, at *9 (N.D. Tex. Sept. 15, 2020) ("Failure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue.") (O'Connor, J.).

seek that relief, if they had pursued the two-step process outlined in *Amara* and *Laurent*. But they did not, choosing instead to try to avoid seeking reformation of the Plans.

A plaintiff who requests the payment of benefits due (under a reformed plan or the original plan terms) must do so under § 1132(a)(1)(B). That is because "suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (internal citations omitted). And "[m]oney damages are, of course, the classic form of legal relief." *Id.*[5] Even Plaintiffs concede that because "money damages were not available in a court of equity," they "cannot seek that legal relief under [§ 1132(a)(3)]." Opp. at 16. Yet that is exactly what Plaintiffs do here, by trying to circumvent the two-step process articulated in *Amara* and *Laurent*. Plaintiffs provide no authority for such a departure from governing law.

Instead, the Opposition cites inapposite cases that have nothing to do with pension benefits, plan reformation, or *Amara. See* Opp. at 14. In *Meidl v. Aetna, Inc.*, for example, the court considered whether a "reprocessing injunction" requiring a claims administrator to reevaluate insurance claims under a plan was an appropriate remedy for purposes of class certification under Rule 23(b)(2). 2017 WL 1831916, at \*22 (D. Conn. May 4, 2017). The court held that "where

---

[5] Plaintiffs insist they do not seek money damages because "they seek to enjoin Defendants to pay the correct monthly annuity amounts for the lives of participants and their beneficiaries—the total amount of which cannot presently be known." Opp. at 15. This argument is frivolous. Simply because Plaintiffs seek an as-yet-undetermined amount of money does not mean they do not seek money damages. Moreover, Plaintiffs' argument is unpersuasive because "there are no allegations that either the facts or the [benefits] at issue are complex, or that [Plaintiffs] cannot obtain the accounting information [they] seek[] through discovery." *Caballero v. FCI Lender Servs., Inc.*, 2023 WL 2088437, at \*5 (N.D. Tex. Jan. 26, 2023), *R. & R. adopted*, 2023 WL 2090984 (N.D. Tex. Feb. 17, 2023). In other words, the total money damages Plaintiffs seek is ascertainable.

insurance administrators unlawfully deny [insurance] benefits, the appropriate remedy is 'typically' to 'return the claim' to the insurance plan administrator 'for reconsideration.'" *Id.*; *see also Des Roches v. Cal. Physicians' Serv.*, 320 F.R.D. 486, 498 (N.D. Cal. 2017) (holding a "reprocessing" injunction is an appropriate basis for class certification). Plaintiffs take this language out of context to suggest that "[c]ourts have routinely held that *recalculation* of benefits is appropriate equitable relief[.]" Opp. at 14 (emphasis added). But *Meidl* and *Des Roches* say nothing of the sort. In fact, plaintiffs in *Meidl* and *Des Roches* claimed that they were entitled to additional insurance benefits under the *terms of the plans*. *Meidl,* 2017 WL 1831916, *1 (complaint alleges that defendant "violated the terms of class members' health plans"); *Des Roches*, 320 F.R.D. at 509-510 (complaint seeking reprocessing of claims because "the Guidelines violate each of their plans"). They did not seek benefits beyond those provided under their plans' terms.

By contrast, Plaintiffs here indisputably are receiving the pension benefits to which they are entitled under the Plans' terms. "Reprocessing" their claims will not change their monthly benefit, and Plaintiffs do not seek to have their claims reprocessed in any event. Rather, Plaintiffs ask the Court to order the Plans to pay greater, *extra*-contractual benefits beyond those promised. That requires *reformation* of the Plan's existing terms—which Plaintiffs admittedly do not seek. And reformation is worlds apart from the "reprocessing" of a claim for insurance benefits recognized by the courts in Plaintiffs' cases.

Plaintiffs' reason for not directly requesting reformation is obvious. As American noted (Mot. at 3, 8), this Court denied class certification in *Torres v. American Airlines* because "reforming the definition of 'Actuarial Equivalent'" "would harm some class members they seek to represent." 2020 WL 3485580, at *9 (N.D. Tex. May 22, 2020). Rather than address this head on, Plaintiffs now insist they avoided this problem by "expressly limit[ing]" their proposed class

"to participants whose benefits would increase if calculated using reasonable actuarial assumptions." Opp. at 9. This is a tacit confession that reforming the Plans' definition of "Actuarial Equivalent" for all Plan participants *would* harm some of them. And it means Plaintiffs ask the Court to do the very thing it refused to do in *Torres*: create competing Plan definitions of "Actuarial Equivalent," one using Plaintiffs' preferred assumptions and the other using assumptions they claim are "unreasonable."

Plaintiffs try to hedge their bets, arguing that even if the FAC does not plead reformation, the Court may order it anyway. Opp. at 12-13. Never mind that this directly conflicts with Parisi's admission that he does *not* seek reformation. *Supra* at 3 n.2. Plaintiffs suggest the Court might do so because otherwise "there is no remedy" for their claims. *Id.* at 12. That is false. There is a clear remedy in this scenario, as the Supreme Court articulated in *Amara*. But it requires reforming the Plans—which Plaintiffs try to sidestep to avoid the problems that plagued their certification efforts in *Torres*. Indeed, the Second Circuit in *Laurent* outlined the two-step reformation-and-enforcement process to *ensure* "employees who prove an ERISA violation" are not left with "no remedy." 945 F.3d at 748. Plaintiffs do not seek that remedy, so their § 1132(a)(3) claim fails.

### 2.    Surcharge Is Unavailable Under § 1132(a)(3).

Plaintiffs also argue the Court "could order a surcharge in the amount by which benefits were too low." Opp. at 10. According to them, a surcharge is available under §1132(a)(3) so long as the Complaint names *any* defendant that happened to be a fiduciary—regardless of the type of claim asserted, whether that claim concerns an alleged breach of fiduciary duty, or whether the defendant was acting in a fiduciary capacity with respect to challenged conduct. *Id.* at 15-16.

Plaintiffs are wrong. Surcharge is not available just because a plaintiff alleges that someone who happens to be a fiduciary violated some law in some way. The Supreme Court made clear in *Amara* that surcharge may be available, if at all, only to remedy a *breach of fiduciary duty*. 563

7

U.S. at 441 (under trust law, equitable surcharge was available "for a loss resulting from a trustee's breach of duty"). By contrast, seeking "monetary compensation" that does not "redress a loss flowing from [a] breach of fiduciary duty nor prevent [a defendant's] unjust enrichment" would be "unavailable as an equitable remedy[.]" *N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 135 (2d Cir. 2015). Put differently: "A plaintiff can recover money under § 502(a)(3) only if a court of equity could have awarded it in a concurrent-jurisdiction case, and a court of equity could award money when a plaintiff pointed to specific funds that he rightfully owned but that the defendant possessed" as a result of a fiduciary breach or unjust enrichment. *Rose v. PSA Airlines, Inc.*, 80 F.4th 488, 500 (4th Cir. 2023). Therefore, "[t]o obtain relief under the surcharge theory, a plan participant is required to show harm *resulting from the plan administrator's breach of a fiduciary duty.*" *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 722 (8th Cir. 2014) (emphasis added); *Sullivan-Mestecky v. Verizon Commc'ns Inc.*, 961 F.3d 91, 102 (2d Cir. 2020) (similar); *Moitoso v. FMR LLC*, 451 F. Supp. 3d 189, 218 (D. Mass. 2020) (surcharge "compensates a beneficiary for losses traceable *to a fiduciary's breach*") (emphases added).[6]

Plaintiffs' related argument that American's "reliance on *Knudson* and *Mertens* is misplaced" because "both cases involved suits against non-fiduciaries" only underscores American's point. After all, in *Mertens*, the plaintiffs (like here) alleged one claim for breach of

---

[6] The Fifth Circuit is considering these issues now. *See Aramark Servs., Inc. Grp. Health Plan v. Aetna Life Ins. Co.*, 162 F.4th 532, 543 (5th Cir. 2025), *reh'g en banc granted*, *vacated*, — F.4th —, 2026 WL 1154313 (5th Cir. Apr. 28, 2026). In *Aramark*, the court held that surcharge is available to make "plaintiff whole for losses caused by the defendant's breach of a fiduciary duty." Indeed, the court reached this conclusion precisely *because* defendant "Aetna is an ERISA trustee accused of *breaching its fiduciary duties.*" *Id.* at 544 (emphasis added). That is not the case here. Moreover, in a partial dissent, Judge Jones would have gone even further, disagreeing that monetary damages in the form of a surcharge constitutes "typical equitable relief" available under § 1132(a)(3)—*even for* a fiduciary breach. *Id.* at 545-49. The Fifth Circuit voted to rehear *Aramark* en banc, meaning the panel opinion has been vacated. *Id.*

fiduciary duty and a separate claim that the defendant violated other statutory provisions of ERISA. *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 251 (1993). Like here, the breach of fiduciary duty claim was dismissed because the challenged conduct was not fiduciary in nature, and then the Supreme Court went on to consider the scope of remedies available. *Id.* at 253-58.

The same should be true here. The FAC does not allege a breach of fiduciary duty, and American did not breach any fiduciary duty. This Court has already held that Plaintiffs challenge settlor—not fiduciary—activity: "Alleging only that American implemented a Plan in accordance with allegedly unlawful terms it established when it created the terms does not transform it into a fiduciary rather than a settlor." Dkt. 66, Order at 15.[7] And Plaintiffs do not cite a single case that awarded surcharge as a remedy for something *other than* a fiduciary breach claim. There is no underlying fiduciary activity that can serve as a basis for a "surcharge" remedy under § 1132(a)(3).

### C.     The Court Should Resolve These Issues Now Rather Than Later.

Finally, Plaintiffs argue it is "premature" for the Court to decide the "appropriate equitable relief that it may award." Opp. at 10. That is, Plaintiffs ask the Court to ignore that § 1132(a)(3) does not entitle them to the remedies they seek, and allow their claims to proceed anyway, regardless of whether they state a plausible claim for relief. That is not how the law works.

ERISA "expressly authorizes several claims for relief. "Several procedural, as well as substantive, aspects of the litigation vary according to the specific claim alleged in the complaint." *Singletary v. United Parcel Serv., Inc.*, 828 F.3d 342, 349 (5th Cir. 2016). But to state a claim, the

---

[7] Plaintiffs' contrary argument would grossly expand the scope of "surcharge." It would make surcharge available not only for a fiduciary breach, but for *any* violation by anyone that happens to be a fiduciary in some capacity (related or unrelated). This would mean, for example, that an employee alleging wrongful termination under 29 U.S.C. § 1140 could also seek surcharge against his employer, simply because the employer—like nearly every employer in the country—was a fiduciary of the employer's benefit plan for at least some purpose or another.

9

statute must expressly authorize the relief sought, because courts must refrain from "extending remedies not specifically authorized by [ERISA's] text." *Great-West*, 534 U.S. at 209. A plaintiff cannot bring an action seeking unspecified relief and expect a court to fashion an appropriate remedy later. *Singletary*, 828 F.3d at 349.[8] Indeed, in *Mertens* the Supreme Court affirmed Rule 12(b)(6) dismissal because the requested remedy was not "appropriate equitable relief" under § 1132(a)(3), without even evaluating whether defendants violated ERISA's substantive provisions. *Mertens*, 508 U.S. at 251, 254-55. This Court should do the same and dismiss the FAC.

## III.    CONCLUSION

For these reasons, the Court should dismiss the FAC in its entirety and with prejudice.

---

[8] The Opposition's case law does not say otherwise. In *Pedersen v. Kinder Morgan, Inc.*, 622 F. Supp. 3d 520 (S.D. Tex. 2022) (Opp. at 11), for example, the plaintiffs asserted numerous claims under §1132(a)(3) and §1132(a)(1)(B). The court assessed each claim to determine whether the statutory provisions "authorize[d]" the remedy requested.

10

DATED: June 22, 2026

Respectfully submitted,

*/s/ Jeremy P. Blumenfeld*

Matthew A. Russell (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
110 N. Wacker Drive, Suite 2800
Chicago, IL  60606
Telephone: +1.312-324-1000
Fax: +1.312-324-1001
matthew.russell@morganlewis.com

Jeremy P. Blumenfeld (*pro hac vice*)
Jared R. Killeen (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103-3007
Telephone: +1.215-963-5258
Fax: +1.215-963-5001
jeremy.blumenfeld@morganlewis.com
jared.killeen@morganlewis.com

Jacob D. Swanstrom (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: +1.202.739.5205
Fax: +1.202.739.3001
jacob.swanstrom@morganlewis.com

Russel D. Cawyer
State Bar No. 00793482
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Telephone: 817-878-3562
Facsimile: 817-335-2820
russell.cawyer@kellyhart.com

*Counsel for Defendants American Airlines, Inc.,
and the Employee Benefits Committee*

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's CM/ECF Filing System on this 22nd day of June, 2026.

/s/ Jeremy P. Blumenfeld
Jeremy P. Blumenfeld

12